## YALE UNIVERSITY SCHOOL OF MEDICINE *v.* FRANK McCARTHY
### (9838)

DALY, FOTI and HEIMAN, Js.

Argued October 29, 1991—decision released February 4, 1992

*David M. Stanwicks,* for the appellee (plaintiff).

*Tara B. Chiarelli,* with whom, on the brief, was *Joseph Chiarelli,* for the appellant (defendant).

FOTI, J. This appeal arises out of the plaintiff's action to recover payment for medical services provided to the defendant. The defendant appeals from a directed verdict and a jury award in favor of the plaintiff in the amount of $3514.60, and from the trial court's dismissal of his counterclaim. The defendant claims that the trial court improperly (1) granted the plaintiff's motion to preclude the defendant's introduction of expert testimony pursuant to Practice Book § 220 (D) due to the defendant's failure to identify his experts prior to trial, and (2) dismissed the defendant's counterclaim sua sponte. We affirm the judgment of the trial court with respect to the defendant's first claim but reverse the court's dismissal of the defendant's counterclaim.

The relevant facts are as follows. The Office of Professional Services of the Yale University School of Medicine filed an action against the defendant in December, 1985, to recover money allegedly owed for medical treatment provided by the plaintiff. In his answer, the defendant asserted seven special defenses and a counterclaim alleging medical malpractice. The defendant failed to file with his counterclaim a certificate of good faith as required by General Statutes § 52-190a.[1]

The plaintiff served the defendant with interrogatories on February 15, 1989. One interrogatory requested disclosure of any expert witnesses who would testify

[1] General Statutes § 52-190a provides in pertinent part: "No civil action shall be filed to recover damages resulting from personal injury or wrongful death . . . in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint or initial pleading shall contain a certificate . . . of the attorney or party filing the action that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant."

at trial. The defendant objected to this interrogatory. The trial court overruled the defendant's objection and ordered the defendant to respond by August 18, 1989. The defendant failed to inform the plaintiff of the existence or identity of any expert witnesses and the court granted the plaintiff's motion to preclude the defendant from introducing any expert testimony on his counterclaim at trial pursuant to Practice Book § 220 (D).[2] The court subsequently denied the defendant's motion to set aside this sanction. Additionally, the court dismissed the defendant's counterclaim sua sponte for failure to file a good faith certificate pursuant to General Statutes § 52-190a.

I

The defendant first claims that the trial court abused its discretion in granting the plaintiff's motion to preclude the introduction of expert testimony. The defendant argues that Practice Book § 220 (D) does not provide for exclusion of expert testimony if the contemplated expert is an agent of the opposing party. He maintains that neither prejudice nor unfair surprise can result from a failure to disclose the existence of an expert witness if the expert is the opposing party's own employee. The defendant asserts that because he planned to call the operating surgeon and other treating physicians employed by the plaintiff, Practice Book § 220 (D) does not apply to this case. We do not agree.

Practice Book § 220 (A) provides that "[a] party may through interrogatories require any other party to iden-

---

[2] Practice Book § 220 (D) provides in pertinent part: "[A]ny plaintiff expecting to call an expert witness at trial shall disclose the name of that expert . . . to all other parties within 60 days from the date the case is claimed to a trial list. . . . If disclosure of the name of any expert expected to testify at trial is not made in accordance with this subsection . . . such expert shall not testify except in the discretion of the court for good cause shown." A defendant is in the position of plaintiff with respect to a counterclaim. See Practice Book § 168.

tify each person whom the other party expects to call as an expert witness at trial . . . ." It is within the trial court's discretion to impose sanctions on a party that has failed to answer interrogatories requesting disclosure of any expert witnesses the party plans to call. Practice Book § 231. These sanctions may include exclusion of expert testimony at trial. Practice Book § 231; *Mulrooney* v. *Wambolt,* 215 Conn. 211, 219, 575 A.2d 996 (1990); *Pool* v. *Bell,* 209 Conn. 536, 540–42, 551 A.2d 1254 (1989); *Perez* v. *Mount Sinai Hospital,* 7 Conn. App. 514, 518, 509 A.2d 552 (1986); *Sturdivant* v. *Yale-New Haven Hospital,* 2 Conn. App. 103, 106–107, 476 A.2d 1074 (1984).

The defendant attempts to distinguish an independently retained expert from an expert who is an agent or employee of the opposing party, such as a treating physician. In *Perez* v. *Mount Sinai Hospital,* supra, 517, the plaintiff similarly tried to draw a distinction between an independently retained expert and a treating physician. This court, however, upheld a directed verdict where the trial court excluded the expert testimony of the plaintiff's treating physician because of the plaintiff's failure to respond to interrogatories requesting disclosure of the identity of any expert witnesses. In that case, we stated: "The term 'expert' may be extended to 'all persons acquainted with the science or practice in question.' *Bryan* v. *Branford,* 50 Conn. 246, 248 (1882). Practice Book § 220 (A) (1) employs the term 'expert witness' and does not draw a distinction between treating and independent experts." *Perez* v. *Mount Sinai Hospital,* supra, 518. Thus, pursuant to Practice Book § 220, a trial court may exclude expert testimony proffered by a party regardless of any agency relationship that may exist between the expert witness and the opposing party.

The decision to preclude a party from introducing expert testimony is within the discretion of the trial

court. *Sturdivant* v. *Yale-New Haven Hospital,* supra, 107. On appeal, that decision is subject only to the test of abuse of discretion. *Kemp* v. *Ellington Purchasing Corporation,* 9 Conn. App. 400, 405, 519 A.2d 95 (1986). The salient inquiry is whether the court could have reasonably concluded as it did. *Sturdivant* v. *Yale-New Haven Hospital,* supra, 108. In this case, the defendant had ample opportunity to inform the plaintiff of the expert witnesses he planned to call at trial. The plaintiff first requested this information on February 15, 1989. When the defendant failed to respond, the court ordered him to do so by August 18, 1989. The defendant failed to comply with the court's order. Finally, the court imposed sanctions on April 30, 1990, more than a year after the plaintiff's first request for disclosure. We conclude that the trial court did not abuse its discretion in granting the plaintiff's motion to preclude the introduction of expert testimony by the defendant.

## II

The defendant's second claim is that the trial court improperly dismissed his counterclaim because of his failure to file a certificate of good faith belief of negligence pursuant to General Statutes § 52-190a. The defendant maintains that the certificate requirement of § 52-190a does not apply in this case. We do not reach that issue, however, because we conclude that the trial court's sua sponte dismissal of the defendant's counterclaim was improper because of the absence of a motion to strike by the plaintiff.

General Statutes § 52-190a requires a plaintiff in a medical malpractice action to file a certificate of good faith evidencing that he or she has made a reasonable inquiry "to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant." General Statutes § 52-190a. The purpose of this precomplaint inquiry is

to discourage would-be plaintiffs from filing unfounded lawsuits against health care providers and to assure the defendant that the plaintiff has a good faith belief in the defendant's negligence. *LeConche* v. *Elligers,* 215 Conn. 701, 710–11, 579 A.2d 1 (1990). The filing of a certificate is evidence that the plaintiff has conducted a reasonable inquiry. Id., 711.

Our Supreme Court has held that the filing of a good faith certificate may be viewed as essential to the legal sufficiency of the plaintiff's complaint. Id. Thus, a plaintiff's failure to file a certificate "renders the complaint subject to a motion to strike pursuant to Practice Book § 152 (1) for failure to state a claim upon which relief can be granted."[3] Id.

Practice Book § 152 provides: "Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim, or crossclaim . . . to state a claim upon which relief can be granted . . . *that party* may do so by filing a motion to strike the contested pleadings or part thereof." (Emphasis added.) In the present case, the plaintiff never filed a motion to strike the defendant's negligence counterclaim for failure to state a claim. Rather, the court dismissed the defendant's counterclaim on its own motion. There was no statutory or other legal authority for the trial court's dismissal, however.[4] Therefore, we find that it was improper for the court to dismiss the defendant's counterclaim in the absence of a motion to strike by the opposing party.

---

[3] If the motion to strike is granted, the plaintiff may amend its pleadings by filing a certificate in a timely fashion pursuant to Practice Book §§ 157 and 175. *LeConche* v. *Elligers,* 215 Conn. 701, 711, 579 A.2d 1 (1990).

[4] Clearly, the dismissal of the defendant's counterclaim was not part of the sanctions imposed under Practice Book § 220 (D) for failure to disclose the identity of expert witnesses because the counterclaim was dismissed more than six months after the court imposed sanctions.

The judgment is reversed as to the dismissal of the defendant's counterclaim only, and the case is remanded for proceedings not inconsistent with this opinion.

In this opinion the other judges concurred.