[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION I. THE EXCEPTIONS
The defendant has timely filed exceptions and objections to the report of the Attorney Trial Referee (hereinafter "Referee"). In his exceptions he seeks corrections by the Court to the report in several specific respects contained in his Motion to Correct which the referee denied on January 8, 1992. CT Page 2715
The scope of the court's duty in this regard is found in P.B. 439 which prevents the court from making any such corrections "unless a material fact has been found without evidence or the [referee] has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear". It is only the first of these standards that applies in this case. The Court has reached this conclusion notwithstanding the failure of the defendant to specify which of these three errors he claims the referee made. In making this assessment the Court must determine whether the ultimate factual conclusions of the referee are supported by his factual findings and whether the facts found are reasonably supported by the evidence. Shaw v. Socci, 24 Conn. App. 223, 229 (1991).
The Court has examined the transcript of the proceedings before the referee and concludes that there is ample support therein for each and every material finding made by the referee. The defendant attacks the testimony of Fiorenzio Corbo, the land surveyor, insofar as that witness purported to plot the wetlands line. It is no surprise that the referee accepted his testimony when the only countervailing testimony was from the defendant himself who was not a licensed land surveyor. The referee also had before him the testimony of Kenneth C. Stevens, Jr., a soil scientist who confirmed the correctness of this line.
The defendant next claims that no requirement for a 25 foot buffer existed and therefore any fill that was deposited within 25 feet of the wetland was done so lawfully. The simple answer to this is that the 25 foot buffer was made an express condition of the approval issued by the plaintiff to the defendant on August 20, 1986. The record is clear that the defendant acquiesced in this condition when he commenced work on the land in accordance with the approval issued.
II. THE OBJECTION
A. On January 17, 1991 the defendant objected to the reference of this case to the referee. The Court (Lewis, J.) overruled the objection on the grounds that the defendant was deemed to have consented to the reference by his failure to object at the calendar call. The objection was renewed before the referee and was likewise overruled.
When this case appeared and was called on the Assignment List of Court Cases, the defendant was represented by a different attorney, one Morris L. Glucksman. The notice that introduced the Calendar provides as follows: "cases assigned for trial will be heard by an attorney trial referee pursuant to P.B. 428 unless after consultation with their client an objection by counsel is CT Page 2716 made to the reference at the Calendar call pursuant to Seal Audio Inc. v. Bozak, Inc., 199 Conn. 496 (1986)". It is apparent from the record that former counsel did not object to the reference and the Court (Katz, J.) granted counsel's Motion to Withdraw as attorney "subject to client being notified as to firm trial date and discovery order". The trial date was set for January 17, 1991. The defendant is bound by the action of his former counsel. The failure to object at the calendar call can be construed as the equivalent of consent in open court. The defendant is deemed to have given his implicit consent to the reference by failing to raise his objection in a timely fashion, Bowman v. 1477 Central Avenue apartments, Inc., 203 Conn. 246, 251 (1987).
B. The defendant next contends that his experts, Dominick Schefiliti, a professional engineer, and Robert T. Hamilton, a professional land surveyor were not permitted to testify because they were not disclosed as experts as required by P.B. 220(D). Not only did the defendants admit this at trial but the pleadings reveal that no formal disclosure of these experts was ever made. While the rule permits the court to waive the requirement in its discretion for good cause shown, no good cause was shown at trial justifying such action, Yale University School of Medicine v. McCarthy, 26 Conn. App. 497, 500.
C. Finally, the defendant challenges the referee's order awarding the plaintiff attorney's fees, costs and expenses, arguing that 22a-44 (b) does not contemplate the "in house" fees of a city attorney nor does it permit the assessment of costs attributable to the defendant's staff. The defendant's objection does not include a challenge to the reasonableness of the hourly rate charged by the two attorneys, Barco Auto Leasing Corp. v. House, 202 Conn. 106,120-21 (1987) or whether the work claimed to be done was actually performed, nor is there a claim that the charges were not based on contemporaneous records. Rather, the defendant complains that an opportunity for settling the case was lost because of the conduct of the plaintiff's attorneys. Even if true, there is no evidence that this was done other than in the client's best interest. Nor does the defendant complain that he was denied a hearing by the referee concerning these fees, costs and expenses.
There is nothing in 22a-44 which countenances any distinction between fees paid a salaried employee and those paid an outside attorney at a specific hourly rate. Likewise, the terms "costs and expenses" are easily broad enough to support the referee's award of actual costs incurred by the Environmental Protection Board in paying for its personnel, employee benefits and supplies.
A different question arises however with respect to the amount of attorney's fees awarded. The referee granted attorney's fees at an hourly rate of $125 which he found to be the reasonable value of CT Page 2717 the services. This determination was based upon his reading of Blum v. Stenson, 104 S.Ct. 1541 (1984) and Grosbeck v. Stamford, 14 C.L.T. 36 at 25. In the former, the U.S. District Court for the District of Connecticut awarded the City attorney's fees as a sanction against the plaintiff. There is no discussion in the opinion of an hourly rate or its reasonable value. No basis is given for the award. In Blum v. Stenson, supra, the U.S. Supreme Court construed the "reasonable attorney's fee" provision of the Civil Rights Attorney's Fees Awards Act of 1976 as value based rather than cost based. Significantly, the Court drew no distinction between private profit making attorneys and non-profit legal aid attorneys who are generally paid a salary. Such a determination was predicated on the statute and its legislative history. In this case the Court has been furnished no legislative history and therefore is confined to construing the words of the statute themselves. While the words would appear to be cost based in their intent such an interpretation is belied by the fact that the legislature expressly contemplated that reasonable fees would be paid to attorneys whom it knew would be salaried employees in the ordinary sense. The legislature can be presumed to know that municipal wetlands agencies are often represented by salaried attorneys.
The referee applied the correct standard.
For the foregoing reason the report of the referee is accepted and judgment may enter thereon.
MOTTOLESE, JUDGE