On March 2, 1992, the plaintiff, Peter Oliver, filed an amended complaint against the defendants, Blue Cross 
Blue Shield of Connecticut ("BCBS") and Salisbury Public Health Nursing Association, Inc. ("SPHNA"). In count one, the plaintiff alleges inter alia, that on February 5, 1991, the Probate Court of the District of Salisbury, Connecticut, appointed him Executor of the Estate of Sarah H. Oliver ("the decedent"), who died on March 7, 1990. Mr. Oliver, acting in this capacity, alleges that in May 1987, SPHNA agreed, and thereafter began to provide home health aides for the benefit of the decedent, who was then afflicted with Amyotrophic Lateral Sclerosis, also known as Lou Gehrig's Disease. On May 24, 1988, SPHNA refused to continue to provide such assistance, and the plaintiff alleges that this refusal constitutes a breach of its agreement with both the plaintiff and the decedent to perform the aforementioned service.
The plaintiff also maintains that he and the decedent had in full force and effect a policy of health insurance including major medical coverage, ("the policy") with defendant BCBS, whereby the cost of home health aides provided to the decedent by SPHNA would be paid by BCBS to the extent provided in the policy or required by Connecticut's General Statutes. Mr. Oliver claims that, as a result of SPHNA's alleged breach of contract, the plaintiff and the decedent were compelled to hire private duty home health aides for the duration of the decedent's terminal illness at substantial expense. CT Page 5344
In count two of the complaint the plaintiff repeats the aforementioned allegations and further claims that SPHNA's refusal to provide home health aides resulted in severe emotional distress to the decedent. The plaintiff contends that SPHNA should have known that its refusal to provide home health aides for the decedent and its intentional abandonment of the decedent involved an unreasonable risk of emotional distress to her which could result in illness or bodily harm.
In the third count of the complaint, the plaintiff repeats the allegations in count one and further contends that SPHNA's abandonment of the decedent and its refusal to provide home health aides for her was done with a reckless indifference to her interests.
In count four of the complaint, the plaintiff alleges that SPHNA had a duty not to abandon the decedent, and that its aforementioned actions constitute a breach of said duty. Mr. Oliver further states that the policy provided that BCBS would pay the cost of home health aides provided the decedent by SPHNA to the extent provided in the policy or in Connecticut's General Statutes. Because SPHNA allegedly abandoned the decedent, the plaintiff and the decedent were compelled to hire private duty home health aides for the duration of the decedent's lifetime, which expense BCBS refuses to pay because BCBS maintains that said expense is not covered by the policy.
On March 13, 1992, SPHNA filed a motion to strike counts one through four of the amended complaint and attached thereto a supporting memorandum. On April 9, 1992, the plaintiff filed a memorandum in opposition to the motion to strike.
The motion to strike is provided for in Practice Book 151-158. A motion to strike tests the legal sufficiency of a pleading and "admits all facts well pleaded." Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). Furthermore, the court is required to construe the facts in the complaint most favorably to the plaintiff when considering a motion to strike. Gordon v. Brideport Hous. Auth., 208 Conn. 161, 170, 544 A.2d 1185
(1988).
In its memorandum in support of its motion to strike, SPHNA states that counts one through four are insufficient because the plaintiff has failed to file a Good Faith Certificate with the breach of contract claim and the malpractice claim of abandonment against this defendant. SPHNA also contends that count three of the complaint fails to sufficiently plead a claim for punitive damages. Consequently, SPHNA maintains that the motion to strike should be granted. In its memorandum in opposition to the motion to strike, the plaintiff contends that counts one through CT Page 5345 four are not medical malpractice claims pursuant to General Statutes 52-190a. The plaintiff also maintains that it has sufficiently pleaded a claim for punitive damages, and, therefore, the motion to strike should be denied.
 General Statutes 52-190a provides, in pertinent part, that: No civil action shall be filed to recover damages resulting from personal injury or wrongful death . . . whether in tort or in contract, in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The Complaint or initial pleading shall contain a certificate . . . of the attorney or party filing the action that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant. (Emphasis added.)
General Statutes 52-190a.
Thus "General Statutes 52-190a requires a plaintiff in a medical malpractice action to file a certificate of good faith evidencing that he or she has made a reasonable inquiry to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant.'" Yale University School of Medicine v. McCarthy, 26 Conn. App. 497 501, — A.2d — 1992), quoting General Statutes 52-190a. "The purpose of this precomplaint inquiry is to discourage would-be plaintiffs from filing unfounded lawsuits against health care providers and to assure the defendant that the plaintiff has a good faith belief the defendant's negligence. McCarthy, supra, 501-02, citing LeConche v. Elliers, 215 Conn. 701, 710-11, 579 A.2d 1 (1990). "The filing of a certificate is evidence that the plaintiff has conducted a reasonable inquiry." McCarthy, supra. Additionally, our Supreme Court has held that:
 [T]he filing of a good faith certificate may be viewed as essential to the legal sufficiency of the plaintiff's complaint. LeConche, supra, 711. Thus, a plaintiff's failure to file a certificate `renders the complaint subject to a motion to strike pursuant to Practice Book 152(1) for failure to state a claim upon which relief can be granted.' Id.
McCarthy, supra, 502.
General Statutes 52-190a requires the filing of a good faith certificate in cases seeking damages resulting from personal injury or wrongful death. General Statutes 52-190a. Thus, the motion to strike must be considered with an eye toward the CT Page 5346 injuries and damages complained of.
In count one the plaintiff seeks damages stemming from the plaintiff's need to hire private duty home health aides for the duration of the decedent's life subsequent to, and as a consequence of, SPHNA's alleged breach of contract. This does not constitute the type of injury contemplated in General Statutes52-190a, specifically, a personal injury or wrongful death. See General Statutes 52- 190a. Consequently, there is no need for the filing of a good faith certificate with regard to this issue and therefore, count one is legally sufficient.
In count two the plaintiff seeks damages for emotional distress which, if caused, might result in illness or bodily harm.
In addition to the standards articulated in McCarthy, supra and LeConche, supra this court must also follow the well established precept that where:
 `[T]he words of a statute are clear, the duty of a reviewing court is to apply the legislature's directive since where the wording is plain, courts will not speculate as to any supposed intention because the question before a court then is not what the legislature actually intended, but what intention it expressed by the words that it used . . . .' (Citations omitted.)
Kilduff v. Adams, Inc., 219 Conn. 314, 336, 593 A.2d 478 (1991). "`In the construction of statutes, words and phrases shall be construed according to the commonly approved usage of the language . . . .'" Id., 336-37, quoting General Statutes 1-1(a). See also Sampiere v. Zaretsky, 26 Conn. App. 490, 494, — A.2d (1992). "`In the absence of ambiguity, statutory language should be given its plain and ordinary meaning.'" Kilduff supra, 337, quoting Pintavalle v. Valkanos, 216 Conn. 412, 416-17,581 A.2d 1050 (1990). In applying these rules of construction to this case, the question with regard to this issue is whether emotional distress constitutes a "personal injury" as that term is used in General Statutes 52-190a. A "personal injury" is defined as "`an injury affecting one's physical and mental person as contrasted with one causing damages to one's property.'" Kilduff, supra, 337, quoting Webster's Third New International Dictionary. "Numerous jurisdictions have held that emotional distress or mental anguish is a type of `personal injury.' E.g., Ex Parte First Alabama Bank of Montgomery, N.A., 461 So.2d 1315, 1318
(Ala. 1984); Bates v. Superior Court, Maricopa County,156 Ariz. 46, 49, 749 P.2d 1367 (1988); Blanchette v. Contributory Retirement Appeal Board, 20 Mass. App. 479, 482,481 N.E.2d 216 (1985); McCroskey v. Cass County, 303 N.W.2d 330, 336
(N.D. 1981) . . . ." Kilduff supra, 337-38. Based upon both the supra, plain meaning of "personal injury" and the definition articulated CT Page 5347 in Kilduff supra, this court finds that emotional distress falls within the scope of "personal injury" as that term is used in General Statutes 52-190a. Consequently, this claim falls within the ambit of 52-190a and a certificate of good faith is, therefore, required. Thus, the motion to strike this count is granted. See McCarthy, supra, 502.
In count three the plaintiff alleges that the defendants abandoned the decedent and refused to provide home health aides for her benefit with a reckless disregard for her interests. While such a claim may, in fact, be predicated upon an underlying claim of emotional distress, the plaintiff has not alleged this. Consequently, because the facts of the complaint must be construed most favorably to the plaintiff, Gordon, supra, count three, does not allege a claim for personal injury or wrongful death and, therefore, no certificate of good faith is required here.
The defendant also claims that count three should be stricken because it fails to state a cause of action sufficient to support a claim for punitive damages. This belief is predicated upon SPHNA's belief that the plaintiff has failed to allege that SPHNA had any motivating intent to harm the plaintiffs.
"`Punitive damages may be awarded only for "outrageous conduct, that is for acts done with a bad motive or with a reckless indifference to the interests of others."'" L.F. Pace Sons., Inc. v. Travelers Indemnity Co., 9 Conn. App. 30, 48, 514 A.2d 766
(1986), cert. denied, 201 Conn. 811, 516 A.2d 886 (1986) (citations omitted). "Thus, there must be an underlying tort or tortious conduct alleged [in a claim for punitive damages]." Id. as was noted, supra, elements of tort include wanton or malicious injury or reckless indifference to the interests of others. Id. The plaintiff here has specifically alleged that SPHNA's abandonment of the decedent and refusal to provide home health aides therefore "was done with a reckless indifference to the decedent's interests." Complaint, Count 4, Paragraph 9. Consequently, the plaintiff has satisfied the requirements set forth in LF. Pace Sons, Inc., and, herefore, this count is legally sufficient. Thus, the motion to strike this count is denied.
In count four, the plaintiff alleges that because of SPHNA's abandonment of the decedent, the plaintiff and the decedent were compelled to incur expenses in hiring private duty home health aides for the duration of the decedent's life. Therefore, as is the result in count one, supra, this claim is not predicated upon the type of injury foreseen by the legislature in enacting General Statutes 52-190a, specifically, personal injury or wrongful death. See, e.g., General Statutes 52-190a. Therefore, there is no need for a certificate of good faith here, and the motion to strike count four is denied. CT Page 5348
For the foregoing reasons, the motion to strike is granted as to count two and is denied as to counts one, three and four.