On December 10, 1985, the plaintiff, Yale University School of Medicine/Office of Professional Services, filed the present action against the defendant, Frank McCarthy, seeking to recover payment for medical services rendered to defendant from August 12, 1983 through September of 1985.
On October 21, 1988, in response to the plaintiff's amended complaint dated September 8, 1988, the defendant filed an answer with seven special defenses and a four-count counterclaim alleging medical malpractice based on tort and contract theories. On or about November 26, 1990, the court, Celotto, J., dismissed the defendant's counterclaim sua sponte on the ground that the defendant failed to file a certificate of good faith in accordance with General Statutes 52-190a. Thereafter, the case was tried to a jury before Mihalakos, J., who directed a verdict and entered judgment for the plaintiff, from which the defendant appealed.
The appellate court reversed the trial court's dismissal of the defendant's counterclaim on the ground that the trial court should not have so acted in the absence of a motion to strike by the plaintiff. Yale University School of Medicine v. McCarthy, 26 Conn. App. 497,502, ___ A.2d ___ (1992). The case was remanded for further proceedings. Id., 503.
On April 24, 1992, pursuant to Practice Book 152, the plaintiff filed the pending motion to strike and a memorandum of law in support of the motion. Plaintiff seeks to have the defendant's counterclaim stricken on the ground that the defendant failed to CT Page 5683 file a certificate of good faith with his counterclaim in accordance with 52-190a. The defendant has filed an opposing memorandum of law.
"In deciding upon a motion to strike or a demurrer, a trial court must take the facts to be those alleged in the [pleading], and cannot be aided by their assumption of any facts not therein alleged." Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). "It is axiomatic that, in passing on a motion to strike based on a claim of failure to state a cause of action, . . . [the court] must take the facts alleged favorably to the pleader and view those facts broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly provable under them." (Citations omitted.) Schmidt v. Yardney Electric Corporation, 4 Conn. App. 69, 74,492 A.2d 512 (1985).
General Statutes 52-190a(a) provides in relevant part:
 No civil action shall be filed to recover damages resulting from personal injury or wrongful death occurring on or after October 1, 1987, whether in tort or in contract, in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint or initial pleading shall contain a certificate, on a form prescribed by the rules of the superior court, of the attorney or party filing the action that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant.
The plaintiff argues that the defendant's counterclaim should be stricken because the defendant failed to file a good faith certificate in accordance with General Statutes 52-190a. It is the plaintiff's claim that 52-190a is a procedural statute and "[i]t is reasonable to apply C.G.S. 52-190a to this case, although the injuries alleged occurred between 1983 and 1985, since the counterclaim was filed well after the effective date of the statute." The original statute requiring the filing of a good faith certificate was adopted effective October 1, 1986. The statute in effect at the time the counterclaim was filed was adopted effective October 1, 1987. The amendment to the original statute made no changes that affect the ruling on the motion to strike.
The defendant argues that he was not required to file a good faith certificate because the statute and legislative history demonstrate that 52-190a was not meant to apply to situations where the injuries were incurred prior to October 1, 1986.[1]
CT Page 5684
The issue raised by the motion to strike is whether the provisions of the statute that a good faith certificate be filed in a medical malpractice action is a procedural or substantive requirement. If it is procedural in nature then the motion to strike should be granted and if it is substantive then the motion should be denied. There are no Connecticut cases dealing with this precise issue.
In the case of LeConche v. Elligers, 215 Conn. 701, the Supreme Court, while dealing with issues not pertinent to the motion in the instant case, made the following statement discussing the effect of the amendment to the statute effective October 1, 1987.
 "That history makes clear that the legislature intended to amend the statute with respect to actions for injuries occurring on or after October 1, 1987, and to continue the application of the 1986 public act to actions that occurred on or after October 1, 1986, but before October 1, 1987." LeConche v. Elligers, supra. 707. (Emphasis added).
Since the injuries alleged to have been sustained by the defendant occurred prior to October 1, 1986, and in view of the language of the Supreme Court that the intent of the Legislature in adopting the amendment of October 1, 1987, was to continue the application of the 1986 public act to actions that occurred on the after October 1, 1986, but before October 1, 1987, the court concludes that the provisions of General Statutes 52-190a are not applicable to the counterclaim in this case.
Accordingly, the motion to strike the counterclaim is denied.