Roy STERNBERG and Roz Sternberg

v.

Howard L. ZUCKERMAN, M.D.

Civ. No. 5:92–379 (JAC).

United States District Court,
D. Connecticut.

April 26, 1993.

Terence S. Hawkins, Winnick, Skolnick, Ruben & Block, P.C., New Haven, CT, for plaintiffs.

Susan M. Wood, Bai, Pollock & Dunnigan, Bridgeport, CT, for defendant.

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

JOSÉ A. CABRANES, Chief Judge:

This is a medical malpractice action filed on June 30, 1992, over which this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Pending before the court is defendant Howard L. Zuckerman's Motion for Summary Judgment (filed December 18, 1992). The plaintiffs, Roy Sternberg and Roz Sternberg, filed a timely response to this motion on January 12, 1993, and the defendant filed a reply memorandum on January 29, 1993.

### BACKGROUND

At a hearing on April 5, 1993, the parties agreed that the following facts can be deemed undisputed for purposes of the court's decision on this motion:

The defendant performed an operation on Mr. Sternberg on February 23, 1990, involving the insertion of an inflatable penile prosthesis. Following the operation, Mr. Sternberg experienced discomfort and sought the help of the defendant, who advised him that his symptoms were normal. Mr. Sternberg then sought the advice of a second physician, who prescribed antibiotics that eventually alleviated some of the plaintiff's discomfort. The prosthesis was removed on April 18, 1990, and following surgery Mr. Sternberg was informed that the prosthesis may have been contaminated by staphylococcus bacteria. Mr. Sternberg visited the office of the defendant on May 8, 1990 and terminated his relationship with the defendant as a patient at that time.

On the basis of these allegations, the complaint asserts three causes of action: (1) a claim for medical malpractice, based on the defendant's alleged failure to diagnose and to provide proper treatment for the symptoms suffered by Mr. Sternberg after the implantation of the prosthesis; (2) a claim for failure to obtain informed consent before performing surgery, based on the defendant's alleged failure to disclose the full risks involved in receiving the prosthesis; and (3) a claim for loss of consortium by Roz Stern-

berg, the wife of Mr. Sternberg, based on the injuries suffered by her husband.

## DISCUSSION

The defendant argues that he is entitled to summary judgment on all of the plaintiffs' claims on the basis of Conn.Gen.Stat. § 52–584, which establishes a two-year limitations period for medical malpractice claims. The plaintiffs contend that their complaint is not time-barred because they properly obtained a 90–day extension of the limitations period from a Connecticut Superior Court under Conn.Gen.Stat. § 52–190a(b). This dispute raises two issues: (1) whether Section 52–190a(b) requires the plaintiff to obtain the extension in the court where the action is ultimately filed *even* when the action is filed in federal court; and (2) whether the extension begins on the date on which the statute of limitations period actually would have expired or on the date specified by the plaintiff in his application for the extension.

### A

At the threshold, the court must resolve the unsettled issue of whether an automatic 90–day extension of the limitations period for medical malpractice actions is valid where a plaintiff obtains the extension in state court but then initiates his action in federal court. Under Connecticut law, a party or an attorney filing a medical malpractice action must make a "reasonable inquiry ... to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant." Conn.Gen.Stat. § 52–190a(a). To permit the completion of this inquiry, Connecticut law provides that an automatic 90–day extension of the limitations period shall be granted "[u]pon petition to the clerk of the court where the action will be filed." Conn.Gen.Stat. § 52–190a(b). The defendant argues that under Section 52–190a(b) a plaintiff who initiates an action in federal court may not rely on a 90–day extension obtained in state court because the extension was not obtained in the "same court"

where the action was later filed.[1] In response, the plaintiffs assert that their failure to obtain the 90–day extension in the "same court" where the action was later filed should not invalidate the extension.[2]

This dispute cannot be resolved by reference to the language of Section 52–190a(b) because the statute does not speak in plain and unambiguous terms. Section 52–190a(b) simply provides that a 90–day extension of the limitations period shall be granted "[u]pon petition to the clerk of the court where the action will be filed." By its terms, this language leaves two questions unresolved: (1) whether Section 52–190a(b) purports to authorize the clerk of any court other than the Connecticut Superior Court to grant extensions of the limitations period and (2) whether Section 52–190a(b) permits an extension obtained from a Connecticut Superior Court to be used in an action that is later filed in another court—such as a federal district court.

The unresolved ambiguities in the language of Section 52–190a(b) have not been addressed by the Connecticut Supreme Court, nor have they been considered by any lower state court or by any federal court. The Connecticut Supreme Court has interpreted Section 52–190a(a), which requires plaintiffs to conduct a good-faith inquiry prior to filing a medical malpractice claim, but in considering that provision the Court did not intimate any view about the policies underlying Section 52–190a(b). *See LeConche v. Elligers,* 215 Conn. 701, 710–11, 579 A.2d 1 (1990). The Connecticut Appellate Court has also considered Section 52–190a(a), but has not considered Section 52–190a(b). *See Yale University School of Medicine v. McCarthy,* 26 Conn.App. 497, 499, 602 A.2d 1040 (1992). Finally, the Connecticut Superior Court has considered Section 52–190a(b) on three occasions, but none of those trial-court decisions has directly considered the issues presented in this case. *See Burton v. West Hartford Obstetrics and Gynecology, P.C.,* No. CV–91–0392280, 1993 WL 73690, 1993 Conn.Super.

---

1. *See* Defendant's Reply to Plaintiffs' Memorandum in Opposition to Summary Judgment (filed January 29, 1993) ("Defendant's Reply Memorandum") at 3–4.

2. *See* Plaintiffs' Memorandum in Opposition to Summary Judgment (filed January 12, 1993) ("Plaintiffs' Memorandum") at 1–2.

LEXIS 577 (Judicial District of Hartford–New Britain) (March 2, 1993) (Superior Court clerk has no authority to withhold extension based on determination that extension is not needed to investigate claim); *Perfetto v. Daoud*, No. CV–89–0367421, 1993 WL 57636, 1993 Conn.Super. LEXIS 480 (Judicial District of Hartford–New Britain) (February 24, 1993) (extension is valid only with respect to defendants named in application for extension); *Gabrielle v. Hospital of St. Raphael*, No. CV–319517, 1992 WL 91698, 1992 Conn.Super. LEXIS 1095 (Judicial District of New Haven) (April 21, 1992) (Superior Court clerk may not grant extension after limitations period has expired). Finally, it appears that only one decision by a federal district court has considered the issue presented here, and on that occasion the court resolved the defendant's challenge to the timeliness of the plaintiff's claim on other grounds. *See Polverari v. Safford*, Civ. No. 3:92–227 (JAC), slip op. at 3–4 (D.Conn. November 13, 1992). Consequently, the issue presented here is a matter of first impression.

■ When confronted with an issue of unsettled state law, a federal court "must do its best to guess how the state court of last resort would decide the issue." *In re Brooklyn Navy Yard Asbestos Litigation*, 971 F.2d 831, 850 (2d Cir.1992) (citing *DeWeerth v. Baldinger*, 836 F.2d 103, 108 (2d Cir.1987), *cert. denied*, 486 U.S. 1056, 108 S.Ct. 2823, 100 L.Ed.2d 924 (1988); *Cooper v. American Airlines*, 149 F.2d 355, 359 (2d Cir.1945)). In making this determination, the federal court is not bound by decisions of lower state courts, although it must give such decisions "proper regard." *Tyler v. Bethlehem Steel Corp.*, 958 F.2d 1176, 1190 (2d Cir.1992) (citing *Estate of Bosch*, 387 U.S. at 464–65, 87 S.Ct. at 1782–83). Finally, it is entirely proper for the federal court to exercise its own judgment in interpreting state law where neither the state's highest court nor the state's appellate court has spoken. *See Tyler*, 958 F.2d at 1190–91 (citing 1A J.W. Moore, *Moore's Federal Practice* ¶ 0.307[2], at 3066–67 (2d ed. 1991)). Given the complete absence of state-court authority on the issues in dispute here, it is appropriate for this court to exercise its own judgment in determining what the Connecticut Supreme

Court would decide if it considered these issues.

■ First, it is the judgment of this court that the only court authorized by Section 52–190a(b) to grant extensions of the limitations period is the Connecticut Superior Court; accordingly, the court finds that Section 52–190a(b) does not authorize or purport to authorize the clerk of the federal district court to grant an extension of the state's limitations period. In adopting this narrow interpretation of Section 52–190a(b), the court is mindful of the awkwardness that would be involved in an effort by a state legislature to grant powers to or impose responsibilities on the clerk of the federal district court. Rather than expressing a view as to whether such an arrangement would be permissible, the court chooses to assume—in the absence of any clear directive to the contrary in the statute itself—that Section 52–190a(b) simply vests authority in officers of the Connecticut Superior Court. Consequently, the court concludes that the plaintiffs could not have obtained an extension of the limitations period by applying to the clerk of the court in which the action was ultimately filed—namely, the federal district court.

■ Second, it is the judgment of this court that an extension obtained in a Connecticut Superior Court under Section 52–190a(b) is not necessarily invalid for purposes of an action that is filed in another court. It is true, of course, that under Section 52–190a(b) an extension may be obtained "[u]pon petition to the clerk of the court where the action will be filed." But there is nothing in this language to indicate what type of sanction applies when a plaintiff files an action in a court other than the one from which he obtained the 90–day extension. The proper sanction could be to declare the extension invalid, as the defendant suggests, but this drastic remedy is unsupported by the statutory language or by any case law. More importantly, this proposed sanction fails to take account of the fact that plaintiffs who require an extension are precisely those who are least likely to know which court is the most appropriate forum for the action: the purpose of the extension is to permit plaintiffs who *lack* information about the fundamental elements of their cases to gather that

information before filing a complaint. In other words, it would be incongruous to penalize the plaintiffs who most need additional fact-finding for failing to identify in advance the court most appropriate for the action. For this reason, the court concludes that an extension obtained in a court other than "the court in which the action will be filed" is not necessarily invalid.

■ Finally, it is the judgment of this court that an extension of the limitations period which would be valid in Connecticut Superior Court is valid for purposes of an action filed in federal district court. As noted earlier, the clerk of the federal district court is not authorized by Section 52–190a(b) to grant an extension of the limitations period. It would therefore be impossible for a plaintiff who wishes to file an action in federal district court to obtain an extension of the limitations period "in the court where the action will be filed." Moreover, a rule invalidating an extension obtained in state court for purposes of an action brought in federal court would effectively prevent plaintiffs who obtain extensions from taking advantage of the diversity jurisdiction of the federal courts. In the absence of clear statutory language to the contrary, this court shall assume that the state legislature did not intend to create such a substantial impediment to the exercise of a federally created right—namely, the right to bring a state-law claim in federal court where the conditions for diversity jurisdiction exist.

For the foregoing reasons, the extension of the limitations period obtained by the plaintiff in Connecticut Superior Court pursuant to Section 52–190a(b) is valid for purposes of this action.

## B

■ The remaining issue before the court concerns the date on which the 90–day extension of the limitations period began to run. The defendant argues that the 90–day extension should begin on the date specified by the plaintiffs in their application for the extension, which was February 21, 1992.[3] If that date is used, then the 90–day period would have expired on May 22, 1992—more than a month before the plaintiff filed this action. But the plaintiffs asserted at oral argument that they simply erred in specifying the date of February 21, and contend that the 90–day extension should run from the date on which the limitations period actually would have expired. As the defendant has acknowledged, absent any extension the limitations period actually would have expired no earlier than April 18, 1992, since Mr. Sternberg's prosthesis was removed on April 18, 1990.[4] The court must now determine whether the plaintiffs should be bound by the date that they erroneously specified in their application for the extension.

The statute authorizing the 90–day extension simply provides for "an automatic 90–day extension of the statute of limitations." Conn.Gen.Stat. § 52–190a(b). By itself, this language suggests that the 90–day extension runs in addition to the *actual* limitations period, regardless of whether the plaintiff knows the precise date on which that period ends when he applies for the extension. This interpretation of the statutory language is consistent with the purpose of the statute itself, which is to ensure that plaintiffs who lack essential information about the claims they hope to bring—and who therefore may not know, *inter alia*, the date on which the limitations period will actually end—nevertheless investigate the basis for their claims prior to bringing suit. *See* Conn.Gen.Stat. § 52–190a(a) (requiring potential plaintiff to conduct good-faith investigation of merits of their medical malpractice claims). In light of the statutory language and purposes of Section 52–190a(a) and (b), the court concludes that the 90–day extension commences when the statutory limitations period actually expires, even if the plaintiff erroneously happens to state an earlier date in his application for the extension.

---

3. *See* Defendant's Reply Memorandum at 4–7; *see also* Plaintiffs' Memorandum, Ex. A (copy of Plaintiffs' Petition for Extension of Statute of Limitations [filed January 20, 1992]).

4. *See* Defendant's Memorandum of Law in Support of Motion for Summary Judgment (filed December 18, 1992) at 3–4.

The undisputed facts in this case establish that Mr. Sternberg discovered his injury on April 18, 1990 or, at the latest, on May 8, 1990. The court shall assume for purposes of this motion that the plaintiff knew or should have known of the facts giving rise to this action on the earlier of these two dates, April 18, 1990. The two-year limitations period would therefore have expired on April 18, 1992. If the automatic 90–day extension began on that date, the limitations period would have expired on or about July 18, 1993—well after the service of the complaint in this matter. Consequently, the court concludes that the 90–day extension of the limitations period obtained by the plaintiff had not yet expired when the plaintiff filed and served the complaint in this matter.

## CONCLUSION

To summarize: the court concludes

(1) that an extension of the limitations period which was obtained under Conn.Gen. Stat. § 52–190a(b) is valid in an action brought in federal court if it would be valid in an action brought in Connecticut Superior Court; and

(2) that an extension obtained under Conn. Gen.Stat. § 52–190a(b) commences when the otherwise applicable statute of limitations period would have expired—even if that date is later than the date specified by the plaintiff in his application for the extension.

For the foregoing reasons, the court concludes that the claims asserted in the plaintiff's complaint are not barred by the Connecticut statute of limitations for medical malpractice claims. Accordingly, the defendant's Motion for Summary Judgment (filed December 18, 1992) (doc. # 6) is hereby DENIED.

It is so ordered.