[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTIONS TO STRIKE
The third party defendant North Central Connecticut Mental Health Services, Inc., moves to strike the complaint against it asserted by the plaintiff. The third party defendant Cedarcrest Hospital moves to strike the complaint against it, asserted by the plaintiff. Each of the motions asserts the same claim, to wit that the plaintiff failed to file a good faith certificate require § 52-190a(a) of the Connecticut General Statutes.
General Statutes § 52-19Oa provides, in relevant part, "(a) No civil action shall be filed to recover damages resulting from personal injury or wrongful death occurring on or after October 1, 1987, whether in tort or in contract unless the attorney or the party filing the action has made reasonable inquiry as permitted by the circumstances to determine that there are grounds for good faith belief that there has been negligence in the care or treatment of the claimant."
The plaintiff Diane Sheehan brought an original action only against the defendant Superior Ambulance Company, Inc. Thereafter, on July 9, 1996 the defendant Superior Ambulance moved to implead these third party defendants North Central Connecticut Mental Health Systems, Inc. and Cedarcrest Hospital. The attached third party complaint alleges that the third party defendants Cedarcrest Hospital and North Connecticut Mental Health Services, Inc. were each negligent in the care and treatment of the plaintiff. Attached thereto was the Certificate of Reasonable Inquiry and Good Faith, signed by the defendant's attorney, as concerns each of the third-party defendents.
This court, Hammer, J., on June 10, 1996, granted the motion of the defendant to cite in these third party defendants. Third party process was duly served upon the third party defendants. On September 24, 1996 the plaintiff filed a request for leave to amend her complaint to assert her claim against the impleaded third party defendants. The court,Hammer, J., overruled the objections of Cedarcrest CT Page 7558 Hospital and North Central Mental Health Systems and allowed the amendment. The plaintiff had petitioned for a 90 day extension of the Statute of Limitations to investigate proximate cause as provided by General Statutes § 52-190(b). Although ninety days has passed no such certificate has been filed.
The third-party defendants have filed motions to strike the plaintiff's claims against them because of failure of the plaintiff to file a CGS § 52-190a certificate. Hence the narrow question presented to the count by these motions to strike is as follows: where a third party complaint has been filed against a health care provider, properly accompanied by a reasonable inquiry certificate, it is necessary for each such other party to file their own specific certificate so as to enable those other party to assert such claims against the impleaded health care provider. These moving third party defendants cite no appeals court decision dealing with this precise question.
The purpose of General Statutes § 52-190a is to avoid the embroiling of health providers into litigation wherein such claims are baseless.
 We agree with the defendants that the general purpose of Sec. 52-190a is to discourage the filing of baseless lawsuits against health providers.
LeConche v. Elligers 215 Conn. 701, 711 (1990)
 The purpose of this precomplaint inquiry is to discourage would be plaintiffs from filing unfounded lawsuits against health care providers and to assure the defendants that the plaintiff has a good faith belief in the defendant's negligence.
Yale University School of Medicine v. McCarthy26 Conn. App. 497, 502 (1992)
These third-party defendants were brought into this case not by the plaintiff but by the defendant. The position taken by the third-party defendants would then require that the plaintiff, as a condition to asserting a claim against the impleaded defendants must, thereafter, file an independent certificate of good faith inquiry in order to assert his claim against the impleaded parties. Neither of the impleader statutes, CGS § 52-102a or CT Page 7559 § 52-102b contains, any such requirement as a condition to the plaintiff asserting such a claim against an impleaded third-party defendant. Further, to impose such a condition is these circumstances is in fact unrealistic. There is no rule of practice which allows the plaintiff to compel the impleading defendant to share with the plaintiff the source of the defendant's good faith belief, which may be a confidential medical source who chooses to remain anonymous and responds to the defendant's inquiry only on condition of anonymity. To strike the plaintiff's claim under these circumstances, by virtue of failure or practical inability to herself have access to a source of such information as a pre-condition to filing its claim against the impleaded party may lead to the anomalous result of the trier of fact, in a single case, on the same set of facts, being required to render conflicting decisions in the event that the third-party plaintiff (defendant) prevails as against the third-party defendant, while depriving the plaintiff of the benefit of that decision.
In apportionment cases, for example, the plaintiff's recovery may even be reduced without any opportunity to recover the apportionment amount from the third party defendant(s). That result would be precisely contrary to the clear mandate of General Statutes § 52-102b(d), which was designed to prevent "apportionment" from being nothing other than unjustifiable debt reduction.
General Statutes § 52-190a is in derogation of the common law. As such it must be strictly construed. The civil action against the third-party defendants was commenced by the defendant under the auspices of a proper certificate of good faith inquiry. This being the case there is neither rational reasoning nor legal precedent to the effect that claims may not be asserted against impleaded defendants, by an original plaintiff, without the precondition of an independent individual certificate. Whether the plaintiff will be able to, or will choose to, pursue her claims against the impleaded parties depends upon what evidence will be able to be produced by the parties at the trial. This court's decision on these motions to strike is limited to the precise issue presented to the court by these motions.
For the reasons set forth herein the motions to strike of the third-party defendants are denied.
SULLIVAN, L., J. CT Page 7560