[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Ervin Braun, D.D.S, commenced an action against the defendants, Carol W. Sudol and Robert Sudol, alleging that Carol Sudol failed to pay the balance due the plaintiff of $11,800 for dental services rendered between August 7, 1989 and September 3, 1989. The defendants have filed a special defense to the complaint alleging that the plaintiff performed implant work on the upper and lower jaws of the defendant, Carol Sudol, even though the plaintiff was told not to do the lower jaw. Therefore, the defendants allege that the outstanding fees are for the dental work that was specified as not wanted. The defendants further allege that "the amount, $17,470, paid to date has been for work that is shoddy . . . and unsatisfactory to the point of causing pain and suffering."
In the response to the plaintiff's request to revise the special defense, the defendants' stated that they would delete paragraphs four and five of their special defense which allege negligence on the part of the plaintiff. In addition, in the response to the motion for default, the defendants' stated that "there is no longer any claim of negligence or malpractice." The defendants, however, have not, revised the special defense.
Therefore, the plaintiff filed a motion to strike the defendants' special defense with memorandum in support of its motion. The defendants have filed nothing in opposition to the plaintiff's motion and were not present at oral argument on May 26, 1998.[1]
"A motion to strike may be filed by either party; a defendant can [move to strike] the complaint; a plaintiff can [move to strike] a special defense or counterclaim." Nowak v. Nowak,175 Conn. 112, 116, 394 A.2d 716 (1978). "All well pleaded facts are admitted and if facts which are provable under the allegations would support a cause of action or a defense, the motion to CT Page 10455 strike must fail." Sheiman v. Lafayette Bank Trust Co.,4 Conn. App. 39, 42, 492 A.2d 219 (1985).
The plaintiff argues that the defendants' special defense is, in reality, a dental malpractice counterclaim insisting that the dental malpractice counterclaim is legally insufficient because "no prior reasonable inquiry was made as to whether there existed a good faith belief that there has been negligence in the care and treatment of the Defendant, Carol Sudol, and that no corresponding Good Faith Certificate evidencing such an inquiry was filed, both of which are required pursuant to C.G.S. §52-190a."[2] However, only paragraphs four and five of the defendants' special defense assert an action in dental malpractice. Paragraphs one, two and three allege that the plaintiff is actually seeking to recover outstanding fees for work not requested by the defendant, Carol Sudol.
The gravamen of the plaintiff's motion to strike is to eliminate the allegations of dental malpractice on the ground that the defendants have failed to support their allegations with a good faith certificate. Therefore, the motion to strike is directed towards paragraphs four and five of the defendants' special defense. "A motion to strike a single paragraph is technically improper when the paragraph does not purport to state a cause of action. Likewise, where individual paragraphs standing alone do not purport to state a cause of action, a motion to strike cannot be used to attack the legal sufficiency of those paragraphs. A single paragraph or paragraphs can only be attacked for insufficiency when a cause of action is therein attempted to be stated. . ." (Citations omitted; internal quotation marks omitted.) Zavo v. Montanaro, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 313902 (Jan. 25, 1995, Cocco, J.). But see Zamstein v. Marvasti, 240 Conn. 549,566-67, 692 A.2d 781 (1997) (trial "court struck paragraph twenty-eight of the plaintiff's complaint because the court construed it as a claim for loss of filial consortium.") The court will treat the motion to strike as a motion attacking the legal sufficiency of paragraphs four and five because those paragraphs purport to allege a cause of action in dental malpractice.
"The title of the pleading is not controlling." NorthwesternElectric v. Rozbicki, 6 Conn. App. 417, 426, 505 A.2d 750 (1986). "A counterclaim is a cause of action existing in favor of the defendant against the plaintiff and which the defendant might have secured affirmative relief had he sued the plaintiff in a CT Page 10456 separate action." Wallingford v. Glen Valley Associates. Inc.,190 Conn. 158, 160, 459 A.2d 525 (1983). If the defendants had brought a separate action against the plaintiff for dental malpractice, they may have secured affirmative relief. Therefore, paragraphs four and five constitute a dental malpractice counterclaim.
To date, neither of our appellate courts has addressed the issue of whether a certificate of good faith belief of negligence is required for a medical malpractice claim brought by way of a counterclaim. See Yale University School of Medicine v. McCarthy,26 Conn. App. 497, 501, 602 A.2d 1040) 1092); See also Hall-BrookeHospital v. Fitzpatrick, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 287232 (November 12, 1993, Leheny, J.), (the trial court found that the defendant's counterclaim based on medical malpractice "[was] insufficient for the reasons that the `good faith certificate' [was] inadequate in asserting that a reasonable inquiry was made.")
"The general purpose of § 52-190a `is to discourage the filing of baseless lawsuits against health care providers.'"Gabrielle v. Hospital of St. Raphael, 33 Conn. App. 378, 383,635 A.2d 1232 (1994), cert. denied, 228 Conn. 928, 640 A.2d 115, quoting Leconche v. Elligers, 215 Conn. 701, 710, 579 A.2d 1
(1990). "The purpose of the certificate is to evidence a [claimant's] good faith derived from the precomplaint inquiry. It serves as an assurance to the defendant that a plaintiff has in fact made a reasonable precomplaint inquiry giving him a good faith belief in the defendant's negligence." Leconche v.Elligers, supra, 215 Conn. 711. "Our cases explain that the failure to attach a certificate of good faith pursuant to §52-190a subjects the case to a motion to strike the complaint pursuant to Practice Book § 152(1) [now Practice Book (1998 Rev.) § 10-39 (a)] for failure to state a claim upon which relief can be granted, but that the defect is curable by a timely amendment filed pursuant to Practice Book § 157 [now Practice Book (1998 Rev.) § 10-49] or Practice Book § 175 [now Practice Book (1998 Rev.) § 10-59]." Gabrielle v. Hospital ofSt. Raphael, supra, 33 Conn. App. 384.
The requirement of Connecticut General Statutes § 52-190a
that a certificate of good faith shall accompany a complaint or initial pleading in a medical malpractice case is applicable to the defendants as to their counterclaim. Stein v. Nordling, Superior Court, judicial district of Stamford/Norwalk at CT Page 10457 Stamford, Docket No. 151325 (November 5, 1996, Tobin, J.) (holding that the requirements of § 52-190a apply to counterclaims brought against a dentist seeking to recover fees for services rendered). The defendants have failed to submit a certificate of good faith with their dental malpractice counterclaim. Accordingly, the motion to strike is granted as to paragraphs four and five.
Paragraphs one, two and three are consistent with the allegations of the complaint that the plaintiff is seeking to recover for dental services rendered to the defendant, Carol Sudol, but assert that the plaintiff has no cause of action because the plaintiff performed dental work that was specifically not requested. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman, 221 Conn. 465, 472-73, 604 A.2d 814
(1992). Accordingly, paragraphs one, two and three constitute a special defense to the plaintiff's complaint. The plaintiff's motion to strike does not address the allegations of paragraphs one, two and three and the motion to strike is denied as to these paragraphs.
D'ANDREA, J.