[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE (#101)
In this matter, the defendant, Yale-New Haven Hospital, has filed a motion to strike the plaintiff's one count complaint.
The plaintiff, Margaret Wilson, seeks to recover damages for personal injuries sustained by plaintiff as a result of the defendant's alleged negligence. The complaint filed on October 31, 2000 alleges that defendant, Yale-New Haven Hospital, held itself out to plaintiff as being ready, willing and able to provide for medical care and treatment of patients, had knowledge that plaintiff was suffering from a stroke, and undertook to furnish such care and treatment for compensation.
According to paragraph seven of the complaint, plaintiff fell due to the negligence of the defendant hospital in one or more of the following ways: 1) it failed to use the care and skill ordinarily used by hospitals offering similar medical care and treatment; 2) it failed to adequately monitor and supervise plaintiff's activities so as to prevent her from falling; 3) it failed to secure the railings of the bed occupied by plaintiff in a raised and locked position; and 4) it failed to use reasonable care. It is alleged that, as a result of the fall, plaintiff sustained a hip fracture and related injuries.
On December 6, 2000. defendant filed a motion to strike the plaintiff's entire complaint based on the plaintiff's failure to attach a good faith certificate to the complaint alleging negligence against a health care provider under Conn. Gen. Stat. § 52-190a. As required by Conn. Practice Book § 10-42, the defendant has filed a memorandum in support of its motion to strike, and the plaintiff has timely filed a memorandum in opposition. Plaintiff's objection to the motion to strike asserts that the claims are those of general negligence where expert testimony is not required as to causation and thus, the plaintiff is not required to file a good faith certificate. In the objection, plaintiff asserts that her claims are predicated upon two distinct acts of ordinary negligence: 1) the failure to secure the railing on the bed in an upright position; and 2) the failure of defendant's staff to assist her despite plaintiff's repeated requests for assistance so she could ambulate to the CT Page 4186 bathroom.
A motion to strike challenges the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Conn. Practice Book § 10-39; Peter Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). Failing to attach a certificate of good faith pursuant to General Statutes § 52-190a may serve as a permissible ground for a motion to strike for failure to state a claim upon which relief can be granted. Gabrielle v. Hospital of St.Raphael, 33 Conn. App. 378, 384, 635 A.2d 1232, cert. denied,228 Conn. 928, 640 A.2d 115 (1994). In ruling on a motion to strike, the trial court can consider only the facts alleged in the complaint.Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997).
At issue here are the four claims of the October 31, 2000 complaint and not the new assertions alleged in plaintiff's objection to the motion to strike. The first allegation of plaintiff's objection, the defendant's failure to secure the bed railing in an upright position, is alleged in the original complaint. However, the second allegation of the plaintiff's objection, the failure of defendant's staff to assist plaintiff despite her repeated requests for assistance so she could ambulate to the bathroom, was not alleged in the original complaint. Plaintiff contended in oral argument that pursuant to Pamela B. v. Ment, 244 Conn. 296,709 A.2d 1089 (1998), the court can consider the new facts alleged in the objection as inferentially part of the complaint. However, this is an improper reading of the case. The only claims that are considered in ruling on a motion to strike are the claims alleged in the complaint. They are, of course, for purposes of a motion to strike taken as proven.
When alleging medical malpractice against a health care provider,[1]
a party must attach a good faith certificate to the complaint.[2]Conn. Gen. Stat. § 52-190a; Yale University School of Medicine v.McCarthy, 26 Conn. App. 497, 501, 602 A.2d 1040 (1992). The failure to attach a good faith certificate subjects the case to a motion to strike the complaint, but that defect is curable by a properly filed amendment.Gabrielle, 33 Conn. App. at 384; LeConche v. Elligers, 215 Conn. 701,711, 579 A.2d 1 (1990). Other trial courts have determined that a good faith certificate is not required in cases against health care providers sounding in ordinary negligence rather than medical malpractice. See.e.g., Mason v. Rockville Gen. Hosp., No. 068416,2000 Conn. Super LEXIS 177 (Conn.Super.Ct., Jan. 19, 2000);Dorvilus v. Donovan, No. 157928, 1999 Conn. Super LEXIS 1410
(Conn.Super.Ct., May 26, 1999); Sloan v. St. Francis Hosp. Med. Ctr., No. 536439, 1996 Conn. Super. LEXIS 3132
(Conn.Super.Ct., Nov. 27, 1996).
CT Page 4187
Here, the defendant hospital must be treated as a health care provider within the meaning of Conn. Gen. Stat. § 52-184b(a), based on the plaintiff's allegations that the defendant "held itself out to the plaintiff . . . [as] being ready, willing and able to provide for medical care and treatment of patients," and "undertook to furnish such care and treatment for compensation."
Medical malpractice has been defined as "the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services. Santopietrov. New Haven, 239 Conn. 207, 226, 682 A.2d 106 (1996). The disputed issue here is whether the claims sound in medical malpractice or ordinary negligence. The appellate court has considered this question in the recent decision of Trimel v. Lawrence Memorial Hospital RehabilitationCenter et al., 61 Conn. App. 353, 764 A.2d 203 (2001). There, the plaintiff was injured in a fall from her wheelchair during a physical therapy session and sought damages from the defendant hospital, alleging that her injuries resulted from defendant's negligence. The trial court concluded that the claim was one of medical malpractice, thereby requiring the filing of a certificate of good faith, and rendered summary judgment for the defendant. The Appellate Court upheld the trial court's decision based primarily on the conclusion that defendant's decision to allow the plaintiff to move herself, unassisted, from the wheelchair to an exercise mat during the therapy session involved the use of medical judgment, and thus plaintiff's claim was held to be one of medical malpractice rather than ordinary negligence and the filing of a good faith certificate was required.
The Trimel court utilized three factors to determine whether a claim is one of medical malpractice or ordinary negligence: 1) whether the defendants are sued in their capacities as medical professionals, 2) whether the alleged negligence is of a specialized medical nature that arises out of the medical professional-patient relationship and 3) whether the alleged negligence is substantially related to medical diagnosis or treatment and involved the exercise of medical judgment.Id. at 358.
Here, the alleged injury arose out of the patient-medical professional relationship between plaintiff and defendant. This satisfies the first of the Trimel prongs. At the time of the incident, the plaintiff was a recipient of inpatient services at defendant hospital for symptoms of a stroke and the purpose of her stay at the facility was to receive 24-hour care and treatment. In return, the defendant hospital would receive compensation. Defendant is a health care provider under Conn. Gen. Stat. CT Page 4188 § 52-184b(a) and is being sued in its capacity to provide medical services. Plaintiff claims that defendant failed to use the care and skill ordinarily used by hospitals offering similar care and treatment and to adequately monitor and supervise the plaintiff will necessarily require expert medical testimony as to the diagnosis, treatment and standard of care for this patient and others in her situation. This satisfies the second prong of the Trimel analysis.
Finally, the plaintiff's claims are substantially related to the medical diagnosis and treatment and involved the exercise of medical judgment, thus, satisfying the third Trimel prong. An injury may be substantially related to a patient's medical diagnosis or treatment even though the patient was not receiving "treatment" at the time the injury occurred. Trimel, 61 Conn. App. at 355 (finding injury that occurred at treatment site during preparation for physical therapy session was substantially related to medical diagnosis and treatment); Levett,158 Conn. at 569 (finding medical malpractice where injury occurred in examining room when patient was undressing in preparation for a scheduled doctor's visit). In Trimel and Levett, the courts found medical malpractice claims for injuries that occurred before the provider delivered outpatient treatment services. By extension, an injury that occurs during inpatient treatment, i.e., 24-hour hospital care, may also be related to a patient's diagnosis or treatment.[3] Plaintiff's injuries were allegedly due to defendant's failure to monitor her and prevent her from falling; plaintiff's diagnosis, medical condition and physical abilities are necessarily related to any inquiry concerning the defendant's role in preventing the injuries from occurring. The fact that plaintiff may not have been actively participating in a specific treatment at the time of the injury is not dispositive. She was in the hospital for, inter alia, medical observation.
Medical malpractice claims involve the exercise of medical judgment on the part of the provider. Injuries due to "routine" activities are not excluded from the realm of medical judgment. Trimel,61 Conn. App. at 361. The defendant hospital undertook to furnish 24-hour care to plaintiff and necessarily made medical assessments about her health status, medical diagnosis, and treatment needs. Any medical assessments and actions taken pursuant to such assessments with regard to bed railings and the patient's other medical needs required the defendant to exercise medical judgment.
The plaintiff's claims constitute medical malpractice rather than ordinary negligence. Therefore, a good faith certificate was required. The motion to strike the complaint in its entirety is granted.
So Ordered. CT Page 4189
Munro, J.