[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Elizabeth Lucid, alleges the following facts in her fourth revised complaint. The plaintiff is the administratrix of the estate of Shawn Lucid, the decedent. The defendant, Brian Peck, M.D., is a physician specializing in the field of anesthesiology and is an agent, servant and/or employee of the defendant, The Arthritis Center of Connecticut, P.C. (Arthritis Center), a medical care provider. The defendant, Barry Spaulding, M.D., is a physician specializing in the field of anesthesiology and pain management and is an agent, servant and/or employee of the defendants, Waterbury Anesthesiology Associates, CT Page 12518 Inc. (Waterbury Anesthesiology) and Saint Mary's Hospital (Saint Mary's), both medical care providers.
The decedent suffered from a condition known as Reflex Sympathetic Dystrophy (RSD). Peck and Spaulding worked together to treat the decedent. In 1993, Spaulding and Waterbury Anesthesiology began treating the decedent's condition with surgical and pain block procedures. Many of those procedures took place at Saint Mary's. Beginning November G, 1996, Peck prescribed several medications to the decedent including MS Contin, Demerol, Propanol and Xanax. The decedent often requested and received additional medication and treatment at emergency rooms. The decedent became addicted to and overused his pain medications. He exhibited signs of addiction and other psychiatric problems such as personality disorders, black outs, substance abuse, alcohol abuse and attempted suicide. The decedent's behavior and additional treatment were known to Peck and Spaulding.
On March 26, 1997, the decedent suffered a syncope episode with seizures while at work. On March 31, 1997, the decedent received additional prescriptions from Peck and Arthritis Center. On March 31, 1997, and April 1, 1997, the decedent underwent various invasive procedures in the cervical area under a local anesthetic and was allowed to immediately drive home. On April 1, 1997, while driving to work, the decedent was involved in a motor vehicle accident which resulted in his death.
The plaintiff initiated this action by complaint filed July 6, 1999. The plaintiff filed a third revised complaint on April 4, 2000, in response to a request to revise. Saint Mary's filed a motion to strike (#130) counts one, four and five of the third revised complaint on April 13, 2000. The plaintiff filed a fourth revised complaint on May 12, 2000, in response to a request to revise.[1] Peck (#147) and Arthritis Center (#150) each filed a motion to strike count one of the fourth revised complaint.[2] Spaulding and Waterbury Anesthesiology filed a motion to strike (#151) count three of the fourth revised complaint. The allegations of counts one and three of the fourth revised complaint, sounding in recklessness, are substantively identical. Peck, Saint Mary's, Spaulding and Waterbury Anesthesiology adopted the arguments of the memorandum of law of Arthritis Center in support of their own motions. The plaintiff has filed objection to each motion to strike.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the CT Page 12519 court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). "The role of the trial court [in ruling on a motion to strike is] to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff has] stated a legally sufficient cause of action.[3] (Internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378,698 A.2d 859 (1997). The court must "take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516, 522-23, ___ A.2d ___ (2000). facts provable in the complaint would support a cause of action, the motion to strike must be denied . . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citation omitted; internal quotation marks omitted.) Doe v. YaleUniversity, 252 Conn. 641, 667, 748 A.2d 834 (2000) A motion to strike "does not admit legal conclusions or the truth or accuracy of opinions
stated in the pleadings." (Emphasis in original; internal quotation marks omitted.) Faulkner v. United Technologies Corp., supra, 240 Conn. 588.
 I CLAIMS OF RECKLESSNESS
Count one, against Arthritis Center and Peck, and count three, against Waterbury Anesthesiology and Spaulding, of the plaintiff's fourth revised complaint allege recklessness. Arthritis Center (#150), Peck (#147) and Saint Mary's (#130) each move to strike count one and Spaulding and Waterbury Anesthesiology (#151) move to strike count three on the ground that the plaintiff has failed to allege a sufficient cause of action. The allegations of the first and third counts are substantially similar and the defendants rely on and adopt the arguments presented by Arthritis Center. The court will, therefore, address counts one and three together as the substance of its decision applies equally to both counts.
The defendants argue that "the plaintiff must allege additional facts, other than those pled in the negligence count, which support a claim of reckless conduct." (Arthritis Center's Memorandum, May 9, 2000, p. 5.) "The allegations of one count of a complaint based on common law reckless conduct must be separate and distinct from the allegations of a second count sounding in negligence." Hanchar v. Silver Hill Hospital, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 163502 (February 29, 2000, D'Andrea, J.). "There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied CT Page 12520 on." (Internal quotation marks omitted.) Kostiuk v. Queally, 159 Conn. 91,94, 267 A.2d 452 (1970). "Simply using the word "reckless' or "recklessness' is not enough." Id.
A cause of action in recklessness may be sufficiently alleged upon the same facts that would support a cause of action in negligence provided the allegations are independently sufficient to support a cause of action in recklessness. "IT]here is no reason why the plaintiff, relying on the same set of facts in negligence counts, cannot set forth in separate counts, causes of action arising out of those same facts alleging recklessness." Adams v. Champagne, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 061154 (May 27, 1998, Corradino, J.) (22 Conn.L.Rptr. 241, 242). "It is frequently urged on this Court that the similarity of allegations renders one cause of action (usually, of course, the recklessness one) invalid. But similarity cannot be the sole focus. To so consider would often require a plaintiff to ratchet down the negligence claim in order to render more visible the conceptual space between the counts. Focus must instead primarily rest on the recklessness — sufficiency of that count." Haley v. ConnecticutLight Power, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 059027 (November 9, 1999, Nadeau, J.). "Rather than follow a mechanistic approach . . . it seems more appropriate . . . to examine instead whether the facts that are alleged could, under any set of facts admissible under the pleadings, support a conclusion of recklessness." Triano v. Fitzpatrick, M.D., Superior Court, judicial district of New Britain, Docket No. 494828 (February 17, 2000, Graham,J.). "The plaintiff may claim alternative relief, based upon an alternative construction of the cause of action." Practice Book §10-25. "[W]here the allegations of a count of a contested pleading support a cause of action of recklessness, the count sounding in recklessness may well be sufficient to withstand a motion to strike even though the allegations of reckless conduct are also alleged as a basis of negligent conduct in a count sounding in negligence." Haley v.Connecticut Light Power, supra, Superior Court, Docket No. 59027.
The court determines that the plaintiff's claim of recklessness is not destroyed merely because the plaintiff pleaded both negligence and recklessness based upon the same allegations of fact. The plaintiff sets forth her causes of action in recklessness and negligence in separate counts; see Kostiuk v. Queally, supra, 159 Conn. 94; and explicitly sets forth the facts which she alleges constitute reckless conduct. SeeFaulkner v. United Technologies Corp., supra, 240 Conn. 588.
"In order to establish that the defendants' conduct was . . . reckless, . . . the plaintiff must prove, on the part of the defendants, the existence of a state of consciousness with reference to the CT Page 12521 consequences of one's acts . . . [Such conduct] is more than negligence, more than gross negligence. . . . [I]n order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them . . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action . . . . [In sum1 such] conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Internal quotation marks omitted.) Shay v. Rossi,253 Conn. 134, 181, ___ A.2d ___ (2000). "Recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent." (Internal quotation marks omitted.) Bishop v. Kelly, 206 Conn. 608, 614-15,539 A.2d 108 (1988). "It is at least clear . . . that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention. . . ." (Internal quotation marks omitted.) Dubay v. Irish, 207 Conn. 518, 533, 542 A.2d 711
(1988).
When examined in their entirety, the plaintiff's allegations do support a cause of action in recklessness. For the purpose of determining whether the plaintiff sufficiently alleges a claim of recklessness, the court must take as true the plaintiff's allegations. See Dodd v. MiddlesexMutual Assurance Co., supra, 242 Conn. 378. The plaintiff alleges, interalia, that the defendants knew, or should have known, that the decedent "was consuming medications prescribed by the defendant Dr. Peck. some or all of which are addictive narcotics with known side effects of drowsiness" (fourth revised complaint, count one, 61 15; count three, ¶ 14), that the decedent was "obtaining. pain medications from emergency rooms and his overuse of pain medications" (fourth revised complaint, count one, ¶ 17; count three, ¶ 16) and that the decedent "exhibited signs of addiction to the prescribed pain medications" (fourth revised complaint, count one, ¶ 18; count three, ¶ 17) and "demonstrated personality disorders and other psychiatric problems including a history of black outs, substance abuse, alcohol abuse and attempted suicide." (fourth revised complaint, count one, ¶ 19; count three, ¶ 18) The plaintiff further alleges that the defendants failed to properly monitor the decedent's medications and failed to advise the decedent against operating a motor vehicle while under the effects of the medication and surgical procedures and that said conduct put the decedent at risk of harm which was known to the CT Page 12522 defendants. The plaintiff's allegations amount to "more than a failure to exercise a reasonable degree of watchfulness to avoid danger to [the decedent] or to take reasonable precautions to avoid injury to [him]."Elliott v. Waterbury, 245 Conn. 385, 415, 715 A.2d 27 (1998). Accordingly, the defendants' motions to strike counts one and three are denied.[4]
 II STATUTE OF LIMITATIONS
Counts five and six of the plaintiff's fourth revised complaint allege recklessness and negligence, respectively, against Saint Mary's. Saint Mary's moves to strike counts five and six on the ground that these causes of action are barred by the statute of limitations. Saint Mary's relies on the plaintiff's petition for an automatic extension of the statute of limitations which the plaintiff filed pursuant to General Statutes § 52-190a(b). The petition did not name Saint Mary's as a defendant[5] Saint Mary's argues, therefore, that the extension does not apply to Saint Mary's and the action against Saint Mary's is barred.
"[A] claim that an action is barred by . . . the statute of limitations must be pleaded as a special defense, not raised by a motion to strike . . . . If all of the facts pertinent to the statute of limitations are pleaded in the complaint and the parties agree that they are true . . . a motion to strike would be allowed." (Citation omitted; internal quotation marks omitted.) Girard v. Weiss, 43 Conn. App. 397, 415, 682 A.2d 1078, cert. denied, 239 Conn. 946, 686 A.2d 946 (1996); see also Vilcinskas v.Sears, Roebuck Co., 144 Conn. 170, 171-72, 127 A.2d 814 (1956). In the present case, the parties agree on all the dates relevant to the statute of limitations. The only issue before the court is whether the plaintiff's petition applies to Saint Mary's. The court will address Saint Mary's motion to strike because this is a question of law.
This issue has not been addressed by the appellate courts. Saint Mary's correctly points out that the court in Perfetto v. Daoud, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 367421 (February 24, 1993, Wagner, J.), determined that an extension pursuant to General Statutes § 52-190a(b) applies only to those defendants named in that petition.[6] This court finds persuasive, however, the reasoning of the majority of superior court cases holding that the petition applies to the cause of action and not merely to the defendants named in the petition. See, e.g., Falzone v. Hoos, Superior Court, judicial district of New Haven, Docket No. 368957 (March 27, 1998, Levin, J.) (21 Conn.L.Rptr. 585); Hagbourne v. Campbell, Superior Court, judicial district of Waterbury, Docket No. 132593 (January 6, CT Page 12523 1998, Kulawiz, J.)
"[T]he attorney or party filing the action [must make] a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint or initial pleading shall contain a certificate . . . of the attorney or party filing the action that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant." General Statutes § 52-190a(a). "The general purpose of 52-190a is to discourage the filing of baseless lawsuits against health care providers"; (internal quotation marks omitted) Gabrielle v. Hospital ofSaint Raphael, 33 Conn. App. 378, 383, 635 A.2d 1232 (1994); "and to assure the defendant that the plaintiff has a good faith belief in the defendant's negligence." Yale University School of Medicine v. McCarthy,26 Conn. App. 497, 501-02, 602 A.2d 1040 (1992).
General Statutes § 52-555 provides, in relevant part, "[i]n any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault for such injuries just damages together with the cost of reasonably necessary medical, hospital and nursing services, and including funeral expenses,provided no action shall be brought to recover such damages anddisbursements but within two years from the date of death . . ." (Emphasis added.) "Upon petition to the clerk of the court where the action will be filed, an automatic ninety-day extension of the statute of limitations shall be granted to allow the reasonable inquiry required [to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant.]" General Statutes § 52-190a(b). "The effect of the granting of such an extension is simply to extend by three months, from two years to twenty-seven months, the time within which a potential plaintiff must commence her malpractice lawsuit." Ciarlone v. Vitale, Superior Court, judicial district of New Haven, Docket No. 348932 (June 24, 1994,Zoarski, J.). "[T]he petition for an extension of time is ex parte and its granting automatic; it serves as notice to nobody." Falzone v. Hoos, supra, 21 Conn.L.Rptr. 587.
"The attorney filing a petition for an extension of time need not name the health care provider against whom the attorney may. expect to file an action. In fact, the language of the statute suggests that the attorney need not name any health care provider in the petition. It is sufficient if the attorney files a petition to determine if there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant." (Internal quotation marks omitted.) Id., 586. "Were the CT Page 12524 rule to be that an attorney seeking an extension of the statute of limitations to make a reasonable inquiry was required to name in his petition every defendant against whom his reasonable inquiry might indicate liability, there is little doubt but that the medical malpractice bar would, with Pavlovian predictability, name every health care provider anywhere in the geographical or clinical proximity of the medical malpractice." Id., 587.
The petition for a ninety-day extension was filed within the statute of limitations as set forth in General Statutes § 52-190a. The plaintiff brought this suit before the extension lapsed. Because the extension was not limited in scope to actions against defendants named in the petition, the court finds that the plaintiff's claim was timely brought against all defendants. Saint Mary's motion to strike counts five and six is, therefore, denied.
So ordered.
BY THE COURT
PETER EMMETT WIESE, JUDGE